William M. Fitzgerald, Esq.
LAW OFFICES OF WILLIAM M. FITZGERALD
2nd Fl. Macaranas Bldg., Garapan Beach Road
P.O. Box 500909
Saipan, MP 96950
Telephone:   (670) 234-7241
Fax:              (670) 234-7530
Email:           fitzgerald.law@gmail.com

Attorney for Plaintiff

FILED
Clerk
District Court

FEB 1 4 2013

for the Northern Mariana Islands
By_____
         (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

JOEY D. LOPEZ, SR.

     Plaintiff,

  v.

NO KA OI TERMITE & PEST CONTROL (SAIPAN), INC.,

     Defendant.

CV 13-0003

CIVIL ACTION NO. 13-

**COMPLAINT**

COMES NOW Plaintiff Joey D. Lopez, Sr. ("Lopez"), and for his cause of action states as follows:

**JURISDICTION**

1. This Court has jurisdiction pursuant to 28 U.S.C.S. §1332(a).

2. This action is of a civil nature involving exclusive of interest and costs a sum in excess of $75,000. Every issue of law and fact herein is wholly between citizens of different states for diversity purposes.

1

## PARTIES

3. Plaintiff Lopez, is and was at all times mentioned herein, domiciled in and a citizen of the Territory of Guam.

4. Defendant No Ka Oi Termite & Pest Control (Saipan), Inc. ("No Ka Oi") is a corporation established and existing under the laws of the CNMI, with its principal place of business in Saipan, CNMI.

## FACTS

5. No Ka Oi has conducted a successful pest control business in Saipan for the past twenty-three years, and continues that business today.

6. In September 1990, Lopez, along with Paul Romias, Paul Romias II and Lincoln Delos Santos, incorporated No Ka Oi. The total number of shares authorized and issued was 1,000 at a par value of $1.00.

7. Lopez paid in $250 to the corporation for 250 shares or 25% of the corporation.

8. Subsequent to incorporation, the shareholders elected four directors pursuant to Article IV Section 2 of the company's bylaws.

9. These directors, Paul Romias, Paul Q. Romias, II, Lincoln Delos Santos and Lopez, managed the business and affairs of the corporation, pursuant to Article IV Section 1.

10. The duly elected directors appointed Lincoln Delos Santos manager of the company and he managed the affairs of the company until he was removed by board action for reasons of poor health and was replaced by Lopez who undertook to discharge all the duties that had been previously discharged by Delos Santos.

11. Under Lopez's management, the company's customer base expanded and the company enjoyed the greatest profits in its history.

12.   Despite diligently discharging his duties and producing record profits for the company, Lopez was summarily discharged from his management position without any board action in September 2010.

13.   Since at least 2010, the company has failed to notice and conduct the annual shareholders' meeting as required by Article III Section 4 of the bylaws.

14.   Since at least 2010, the company has failed to elect four directors to manage the corporation as required by Article IV Sections 1 and 2 of the Bylaws.

15.   Since at least 2010, the company has failed to distribute profits or dividends despite profits being made.

16.   On October 1, 2011, Lopez, pursuant to Article Fifteen of the Articles of Incorporation, offered in writing to sell his shares back to the corporation.

17.   By letter dated November 1, 2011, the company accepted Lopez's offer and informed him that Karvin Flynn, Jr. of Scott Magliari and Co., a CPA, had compiled the book value of his shares, and that No Ka Oi would deduct all personal expenses that were paid for Lopez's personal business and not related to company business.

18.   On November 2, 2012, Lopez, requested from No Ka Oi the following:

(1)   Financial statements for the year 2008 through 2011.

(2)   The accounting disclosure sheet and valuation prepared by Karvin Flynn to calculate the book value of the corporation and the formula and calculations used to calculate the book value.

(3)   A detailed list of Lopez's personal expenses, referenced in Romias's November 1, 2011 letter.

19. Defendant ignored this demand by Lopez and failed to provide this information, which prevented Lopez from determining the true book value of the shares and the validity of the claim that he owed the company money.

## FIRST CAUSE OF ACTION - BREACH OF CONTRACT

20. Plaintiff re-alleges and incorporates by reference, each and every allegation contained in ¶¶ 1 through 19.

21. On November 1, 2011, No Ka Oi accepted Lopez's offer to sell his No Ka Oi shares to the company. *See a* copy of the offer and acceptance attached hereto as Exhibits A and B.

22. By letter of November 2, 2011, Lopez requested documents that would allow him to determine the book value of No Ka Oi, which the bylaws require the company to pay to a shareholder who wishes to sell his shares.

23. No Ka Oi ignored the letter and failed to provide Lopez the information that would allow him to determine what he was entitled to in return for his shares.

24. The sale price for Lopez's shares was fixed by the bylaws as book value and implicit in the agreement between the parties was a duty of the part of No Ka Oi to convey the actual book value and its method of calculation to Lopez and substantiate its claim for personal expenses.

25. Failure by No Ka Oi to communicate the book value and its method of calculation and to substantiate or quantify its claim for Lopez's personal expenses not related to company business was a breach of contract and a violation of No Ka Oi's duty of good faith and fair dealing.

26. In September 2012, Lopez was informed that the book value calculated by No Ka Oi at the time it agreed to buy his shares was $36,000, and by letter of December 13, 2012, he agreed to accept that amount for the purchase of his shares.

27. No Ka Oi refused to honor the agreement made in November 2011, and continues to refuse to pay Lopez, pursuant to the agreement.

## SECOND CAUSE OF ACTION – WRONGFUL TERMINATION

28. Plaintiff re-alleges and incorporates by reference, each and every allegation contained in ¶¶ 1 through 27.

29. No Ka Oi's bylaws mandate that the business and affairs of the corporation shall be managed by its board of directors.

30. By proper and legitimate Board action, Lincoln Dela Santos was appointed manager of the company when No Ka Oi was incorporated.

31. He remained in that position until, because of poor health, he was replaced by Lopez through proper and legitimate Board action in July 2006.

32. Lopez successfully managed the company from that time until September 2010, when he was summarily dismissed without cause, and without any Board action.

33. Lopez was earning a salary of $1,000 a month at the time of his dismissal and is, therefore, entitled to payment of this amount from October 2010 to present.

## THIRD CAUSE OF ACTION – FAILURE TO PAY DIVIDENDS

34. Plaintiff re-alleges and incorporates by reference, each and every allegation contained in ¶¶ 1 through 33.

35. Since at least 2009, No Ka Oi has failed to pay any dividends to its shareholders.

36. During this time, the records that Lopez has been able to examine show that the company has made, after taxes, profits of approximately $40,000 per year.

37. Despite this, No Ka Oi has failed to pay any dividends.

38. Lopez has made a demand upon No Ka Oi to pay a dividend, but No Ka Oi has failed and refused and continues to fail and refuse to pay any dividends.

39. Lopez is entitled to a full and fair accounting to show the profits made by No Ka Oi, and is entitled to 25% of those profits, which are at least $40,000.

**PRAYER**

WHEREFORE, plaintiff requests judgment against defendant for compensatory damages in the appropriate amount of $103,000 or more if No Ka Oi's profits are shown to be more than $40,000 a year for the years of 2009 to 2012.

DATED this 14th day of February, 2013.

Respectfully submitted,
LAW OFFICE OF WILLIAM M. FIZGERALD

William M. Fitzgerald, Esq.
Attorney for Plaintiff